**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 8 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CORA D. BARR,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 98-5198
(D.C. No. 96-CV-951-EA)
(N.D. Okla.)

---

ORDER AND JUDGMENT *

---

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Cora D. Barr appeals an order of the district court upholding the Commissioner's determination that she is not entitled to disability benefits and supplemental security income. We affirm.

Plaintiff claims she has been disabled since August of 1990 due to limitations and pain caused by a back injury she sustained at work. Following a hearing before an administrative law judge (ALJ) in 1993, benefits were denied. The Appeals Council remanded the matter for clarification of plaintiff's residual functional capacity (RFC), for clarification and reconsideration of her allegations of disabling pain, and to obtain further medical and supplemental vocational evidence. See Appellant's App., Vol. II at 506-08.

Following a second hearing at which plaintiff, a medical expert and a vocational expert testified, the ALJ determined, at step five of the sequential process, that plaintiff retains the RFC to perform work at the light and sedentary exertional levels, with certain limitations. Id. at 21; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five-step sequential process).

Before the district court and on appeal to this court, plaintiff argued that the ALJ's findings on plaintiff's RFC were erroneous because he failed to properly consider plaintiff's subjective complaints of pain. She claimed the ALJ's reasons used to support his credibility determinations were not supported by substantial evidence and that he failed to consider the side effects of her

medications, which she claims affected her ability to concentrate and made her sleepy.

The district court [1] considered the issues in light of its limited scope of review, i.e., whether the Commissioner's determination was supported by substantial evidence and whether correct legal standards were applied, which is also the standard of review on appeal to this court.    See Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir. 1991).  The court determined, and we agree, that the ALJ's assessment of plaintiff's credibility (particularly his disbelief of the level of plaintiff's claimed pain) was supported by substantial evidence and is entitled to great deference.  The court noted that in discounting the severity of plaintiff's pain claims, the ALJ closely and affirmatively linked his findings to specific medical evidence which did not support her claim of disabling pain.    See Kepler v. Chater, 68 F.3d 387, 390 (10th Cir. 1995).

Plaintiff also claimed the ALJ erred in rejecting her testimony as to the side effects of her medication--even though the testimony of Dr. Goldman (the medical expert), confirmed those side effects--based on the ALJ's conclusion that Dr. Reed "had modified the prescription, prescribing Alprazolomo instead," when in fact "Alprazolomo is the generic chemical found in Xanax."  Plaintiff's Dist.

---

[1]    The case was heard, on consent of the parties, by a magistrate judge.    See 28 U.S.C. § 636(c)(1) and (3).  We have jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).

Court Br. at 5 (attached to Appellant's Br.). However, the ALJ's ultimate determination was that it was "clear that [plaintiff's] physicians are willing to change her prescriptions if advised of problems with them. Yet, she apparently has not told them of any drowsiness problems, which suggests . . . that she is not unhappy with any side effects." Appellant's App., Vol. II at 24. Thus, as the district court noted, even if the ALJ mistakenly believed the two medications were different, the fact remains that plaintiff apparently did not complain of this supposed drowsiness. Moreover, we agree with the district court that the ALJ's misapprehension did not result in an erroneous conclusion. Plaintiff's own testimony was inconsistent regarding her daily activities. She testified both that she slept less than eight hours a day, id. at 103-04, and that she slept between ten and twelve hours daily, see id. at 104.

Credibility determinations are within the province of the ALJ, and we will not upset these determinations when supported by substantial evidence. See Kepler, 68 F.3d at 391. In this case, the ALJ properly discussed the relevant evidence, which included plaintiff's medical record, frequency of medical contacts, daily activities, pain medication, and motivation, and determined her pain was not as severe as alleged. See id. Moreover, we agree with the district court that the ALJ affirmatively linked his credibility findings to substantial evidence in the record. See id. We have reviewed the entire record and conclude

-4-

that the ALJ's determination that plaintiff retains the residual functional capacity to perform alternative work is fully supported by substantial evidence.

Accordingly, the judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.

Entered for the Court


Robert H. Henry
Circuit Judge